UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK DALE CONNER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>G. SWARTHOUT, et al.,<br><br>　　　　　Respondents. | No.  2:13-cv-1719 KJM CKD P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  Under Rule 4 of the Rules Governing § 2254 cases, the court must conduct a preliminary review of all § 2254 petitions and dismiss any such petitions where it is plain that the petitioner is not entitled to relief.

　　　　Petitioner challenges the result of his 2012 parole hearing.  He argues that the evidence presented at that hearing is not sufficient under the Constitution to support a denial of parole. Petitioner does have a liberty interest in parole protected by the Due Process Clause of the Fourteenth Amendment.  Swarthout v. Cooke, 131 S. Ct.  859, 861-62 (2011).  However, the procedural protections which must be afforded with respect to the liberty interest implicated are minimal; the "Constitution does not require more" than "an opportunity to be heard" at a parole hearing and that the potential parolee be "provided a statement of the reasons why parole was denied."  Id. at 862.  Neither the Due Process Clause, nor any other Constitutional provision,

1

1  guarantee that a denial of parole be supported by a quantum of evidence.  Id.  Accordingly, it is
2  plain that petitioner is not entitled to habeas relief and his petition should be dismissed.

3  Petitioner has requested the appointment of counsel.  There currently exists no absolute
4  right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460
5  (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage
6  of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.
7  In the present case, the court does not find that the interests of justice would be served by the
8  appointment of counsel at the present time.

9  Accordingly, IT IS HEREBY ORDERED that petitioner's motion for the appointment of
10 counsel (ECF No. 2) is denied; and

11 IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas
12 corpus be dismissed.

13 These findings and recommendations are submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
15 after being served with these findings and recommendations, petitioner may file written
16 objections with the court.  Such a document should be captioned "Objections to Magistrate
17 Judge's Findings and Recommendations."  In his objections petitioner may address whether a
18 certificate of appealability should issue in the event he files an appeal of the judgment in this
19 case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or
20 deny a certificate of appealability when it enters a final order adverse to the applicant).  Petitioner
21 is advised that failure to file objections within the specified time may waive the right to appeal the
22 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 Dated: September 24, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

27 1/mp
   conn1719.dis